Mary W. ROYALL, Plaintiff,

v.

Louis YUDELEVIT et al., Defendants.

Civ. A. No. 1686–56.

United States District Court
District of Columbia.

April 25, 1958.

1. 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

218

Morton Willcher and Arthur L. Willcher, Washington, D. C., for plaintiff.

Louis E. Spiegler and Ernest M. Shalowitz, Washington, D. C., for defendant Louis Yudelevit.

Maurice Friedman, Washington, D. C., for defendant William H. Simons.

HOLTZOFF, District Judge.

This action is brought to recover damages claimed to have been sustained by the plaintiff by a wrongful foreclosure of a deed of trust on certain real property owned by the plaintiff. The plaintiff's case is predicated on the proposition that the foreclosure was wrongful in that the deed of trust under which the foreclosure sale took place was given to secure a usurious loan and further on the ground that, contrary to the applicable District of Columbia statute, the lender had not procured a license that the law requires.

■ Taking up the two grounds on which the action is based separately, the plaintiff's prima facie proof is sufficient to justify an inference that the loan involved in this action was in fact usurious.

The law of the District of Columbia limits the rate of interest on loans to 6 percent per annum, except in instances in which parties, in writing, contract to the contrary. In the latter event the maximum rate of interest is 8 percent per annum.

In this case the prima facie proof shows that the plaintiff gave a $10,000 note for an $8,500 loan. Obviously, the loan would be usurious under either provisions. The question arises, however, whether the borrower who is the beneficiary of a usurious loan may maintain an action for damages which he claims he sustained as a result of the transaction.

■ D.C.Code, 1951, § 28–2703, provides that in case of a usurious loan the creditor shall forfeit the whole of the interest so contracted to be received. There is no other penalty or consequence imposed on the making of a usurious loan. The Court is of the opinion that there is no basis for adding an additional penalty by way of damages. It must be borne in mind that usury can be invoked as a defense but not as an affirmative cause of action. Usury may be used as a shield and not as a sword. The case of Hartman v. Lubar, 77 U.S.App.D.C. 95, 133 F.2d 44, on which the plaintiff relies, is clearly distinguishable in principle.

■ The second ground upon which this action is predicated is that the lender acted in violation of law, which required all persons engaged in the business of loaning money upon which a rate of interest greater than 6 per centum per annum is charged on any security of any kind to obtain a license, D.C.Code 1951, § 26–601. Hartman v. Lubar, 77 U.S. App.D.C. 95, 133 F.2d 44, 45, on which the plaintiff relies, holds that such a transaction entered into by a person who has not procured a license required by the statute results in an illegal contract. Assuming that there is prima facie proof that the defendant Yudelevit was engaged in the business referred to in the statute, and therefore was required to have a license, and assuming further that as a consequence the transaction involved in this case resulted in an illegal contract,

it does not follow that the plaintiff has a right to recover damages under the circumstances here presented.

The Hartman case states that "an illegal contract, made in violation of a statutory provision designed for police or regulatory purposes, is void and confers no right upon the wrongdoer." In that case, however, the lender sought to enforce a chattel mortgage or a chattel deed of trust which was given to secure the loan. The Court held that since the contract was illegal, he was not in a position to secure an enforcement of the chattel deed of trust. In that case we have the reverse of the situation presented in the instant case. There the lender made an effort to enforce his contract. Naturally, the courts would not assist a person to enforce an illegal contract but would leave the parties where they find them. Here the borrower who has entered into the illegal contract is not using the illegality as a defense, but is endeavoring to employ it as a weapon to secure damages which he claims to have sustained through the illegal contract. Again, it may be repeated that illegality of a contract may be used only as a defense. It may be employed as a shield but not as a sword.

In view of these considerations, the Court is of the opinion that the plaintiff has not established a right to recover damages and for that reason will direct a verdict in favor of the defendants.